**Kelly Simon**, OSB No. 154213
ksimon@aclu-or.org
**Eri Andriola**, OSB No. 246500
eandriola@aclu-or.org
ACLU FOUNDATION OF OREGON
PO Box 40585
Portland, OR 97240

**J. Ashlee Albies**, OSB No. 051846
ashlee@albiesstark.com
ALBIES & STARK LLC
1500 SW First Ave., Ste. 1000
Portland OR 97201
Facsimile: 503.427.9292

**Jane L Moisan**, OSB No. 181864
jane@pdxplp.com
PEOPLE'S LAW PROJECT
1500 SW First Ave., Ste. 1000
Portland OR 97201
Facsimile: 503.558.2025

**Alexander M. Tinker**, OSB No. 144939
alex.tinker@tonkon.com
**Daniel H. Skerritt**, OSB No. 681519
daniel.skerritt@tonkon.com
**Maureen S. Bayer**, OSB No. 214905
maureen.bayer@tonkon.com
**Olivia Ashé**, OSB No. 225796
olivia.ashe@tonkon.com
TONKON TORP LLP
1300 SW Fifth Ave., Ste. 2400
Portland, OR 97201
Facsimile:  503.274.8779

*Counsel for Plaintiffs*

PAGE 1 – DECLARATION OF CALLEY EKBERG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(PORTLAND DIVISION)

| | |
|---|---|
| JACK DICKINSON (a.k.a. "the Portland Chicken"), LAURIE ECKMAN, RICHARD ECKMAN, MASON LAKE, HUGO RIOS, *on behalf of themselves and those similarly situated*<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, *in his official capacity*; KRISTI NOEM, Secretary, U.S. Department of Homeland Security (DHS), *in her official capacity*; U.S. Department of Homeland Security<br><br>Defendants. | Civil No. 3:25-cv-02170-SB<br><br>**DECLARATION OF CALLEY EKBERG** |

I, Calley Ekberg, hereby declare:

1. My name is Calley Ekberg. I am 42 years old and work as a school psychologist. I make this declaration based on my personal knowledge of the events described below.

2. On October 18, 2025, at approximately 4:30 p.m., I was present outside the ICE facility in Portland, Oregon. On this day, I was wearing a squirrel onesie and standing directly across the street from the facility, positioned between the fence behind me and the building in front of me.

PAGE 2 – DECLARATION OF CALLEY EKBERG

     3. Without any warning or audible instruction from officers, tear gas was launched from the roof of the ICE facility. The gas rapidly encircled me, leaving no viable route to avoid exposure.

     4. My body was facing the ICE facility, and my back was toward the fence. Because of this positioning, if I had needed to leave quickly, I could not turn around and retreat. I would have had to run directly toward the tear gas or stay completely in place.

     5. I initially attempted to move to my left, but the tear gas was so intense I had to return to where I had been standing and then attempt to move to the right, where the gas also grew heavier. I ultimately had no option but to move directly through the gas.

     6. As I moved through the gas, I lost vision and began crying involuntarily, and felt extremely disoriented and afraid. My eyes had to be flushed three separate times before I could see well enough to safely walk to my car and drive home.

     7. In the days following the incident, my eyes remained irritated. I made an online appointment through Kaiser, my insurance provider, and saw a doctor approximately one week later. She recommended eye drops.

     8. In the weeks that followed, I began experiencing shortness of breath—something I had never dealt with before. I have no history of asthma or other respiratory issues. The symptoms worsened to the point where I took a day off work and went to Kaiser Urgent Care. A doctor there ordered blood work, a chest X-ray, and an EKG to rule out serious conditions.

     9. The blood work and EKG came back normal, but the chest X-ray showed inflammation. The doctor diagnosed me with reactive airway disease and prescribed two inhalers. It was later confirmed by my doctor that my shortness of breath was related to the tear-gas exposure.

     10. After the incident, I experienced significant emotional distress. When I returned home, my nervous system felt overwhelmed. I felt anxious, amped, and deeply unsettled for hours. It was one of the worst experiences of my life.

PAGE 3 – DECLARATION OF CALLEY EKBERG

11. I repeatedly witnessed officers taking aggressive action without prior notice or adequate warning to protesters, including launching tear gas and shooting pepperballs at protestors. These actions were often taken without any type of equivalent provocation by protesters, many of whom were simply standing, sitting, and peacefully gathered across the street from the facility.

12. I have also significantly reduced my participation in protests due to fear of being unjustly exposed to tear gas again or being detained.

13. The ICE facility is located near a building managed by REACH Community Development that houses elderly and medically vulnerable residents. I am deeply concerned about the repeated exposure these residents may be having to tear gas, pepperballs, and other chemical agents used at the facility.

14. I am providing this declaration because I believe it is important for the court to understand what is happening at the ICE facility and how the government's use of force has affected community members, including myself and other vulnerable populations nearby.

**I hereby declare that the above statements are true to the best of my knowledge and belief, and I understand they are made for use as evidence in court and are subject to penalty for perjury.**

DATED: 1/23/2026        .

*Calley Ekberg*
CALLEY EKBERG

PAGE 4 – DECLARATION OF CALLEY EKBERG