**Kelly Simon**, OSB No. 154213
ksimon@aclu-or.org
**Eri Andriola**, OSB No. 246500
eandriola@aclu-or.org
ACLU FOUNDATION OF OREGON
PO Box 40585
Portland, OR 97240

**J. Ashlee Albies**, OSB No. 051846
ashlee@albiesstark.com
ALBIES & STARK LLC
1500 SW First Ave., Ste. 1000
Portland OR 97201
Facsimile: 503.427.9292

**Jane L Moisan**, OSB No. 181864
jane@pdxplp.com
PEOPLE'S LAW PROJECT
1500 SW First Ave., Ste. 1000
Portland OR 97201
Facsimile: 503.558.2025

**Matthew Borden***
borden@braunhagey.com
**Hadley Rood***
hrood@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

**Marissa R. Benavides***
Benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Ave., 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403
Facsimile: (646) 403-4089

**Pro hac vice* application pending

*Of Counsel for Plaintiffs*

Page 1 –    STATUS REPORT

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(PORTLAND DIVISION)

| | |
|---|---|
| Jack Dickinson, a.k.a. "the Portland Chicken," Laurie Eckman, Richard Eckman, Mason Lake, and Hugo Rios, *on behalf of themselves and those similarly situated,*<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity; KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; U.S. Department of Homeland Security.<br><br>        Defendants. | Civil No. 3:25-cv-02170-SI<br><br>**PLAINTIFFS' PRE-CONFERENCE STATUS REPORT** |

Plaintiffs Jack Dickinson, Laurie Eckman, Richard Eckman, Mason Lake, and Hugo Rios ("Plaintiffs") respectfully submit this Status Report to update the court on the following: (1) status of the parties' attempt to negotiate a stipulated temporary restraining order; (2) events that occurred over the weekend; (3) conferral about a protective order, and (4) Plaintiffs' discovery concerns.

**<u>Temporary Restraining Order</u>**

Pursuant to the Court's instructions to discuss a stipulation in lieu of a TRO, on Friday, January 30, 2026, Plaintiffs emailed proposed terms to Defendants. Declaration of Kelly Simon ("Simon Decl."), Exhibit A. Defendants responded with a counterproposal on Sunday, February 1. *Id.* Plaintiffs responded, but the parties were unable to reach an agreement. *Id.*

Page 2 –   STATUS REPORT

The parties' main point of contention is that Defendants expressly reserved the ability to deploy chemical munitions on protesters who were nonviolent or nonthreatening, including those who were simply trespassing or engaged in passive resistance like refusing to obey an order. Plaintiffs assert that Defendants' position is contrary to Ninth Circuit law. *See, e.g., Nelson v. City of Davis*, 685 F.3d 867 (9th Cir. 2012) ("failure to fully or immediately comply with an officer's orders neither rises to the level of active resistance nor justifies the application of a non-trivial amount of force. We have so held even when the extent of the resistance was substantially greater than Nelson and his friends' simple failure to disperse."). Although Defendants have not yet provided Plaintiffs with the subcomponent agency policies as the Court has directed, Plaintiffs believe that Defendants' counterproposal is also contrary to their own policy. For example, in *L.A. Press Club et. al. v. Noem et. al.,* 25-cv-5563 (C.D. Cal. 2025), Gregory Bovino submitted a declaration, which stated: "Under CBP policy, chemical irritants may be utilized as a compliance tool on a subject offering, at a minimum, active resistance." Simon Decl. Ex. B at ¶ 11.

**Events of Saturday, January 31, 2026**

On Saturday, January 31, 2026, an estimated thousands of people participated in a protest that marched to the Portland ICE Building. The crowd included an interfaith group, labor groups, and cyclists; many people who joined did so with their families, including young children and dogs. Also in the crowd were Plaintiffs Jack Dickinson, Laurie Eckman, and Richard Eckman.[1]

After a small group of individuals stood in the driveway of the Portland ICE Building, Defendant DHS officers emerged deploying flash bangs, detonating large volumes of tear gas at the front and toward the back of the crowd, and shooting munitions from the lower roof platform

---

[1] Declarations from Plaintiffs and putative class members forthcoming.

Page 3 –    STATUS REPORT

down into the crowd. This pattern follows the same pattern of retaliatory force that Plaintiffs describe in their Motion for Temporary Restraining Order. Ms. Eckman, who is 84-years-old and was previously shot in the head by DHS at a protest in October 2025, was trying to stay back from federal agents but was still teargassed. Plaintiffs are in the process of gathering declarations and videos documenting these events, which they intend to submit to the Court and provide to Defendants.

It is Plaintiffs' understanding that DHS officers also deployed tear gas at the Portland ICE Building on Sunday evening, February 1. Plaintiffs do not have further details at this time.

**Protective Order**

On Friday, January 30, Plaintiffs sent Defendants a draft protective order. On Sunday, February 1, Defendants indicated they would aim to get back to Plaintiffs regarding a protective order by Friday, February 6. Simon Decl. Ex. A.

**Discovery Issues**

Plaintiffs are concerned that with the short timeline, time may run out unless discovery begins immediately. On Saturday, Plaintiffs asked Defendants for basic information that should be readily available and relevant to Plaintiffs' anticipated Motion for Preliminary Injunction and Motion for Class Certification. The requested information was as follows:

a. Who is or are the commander officer(s) responsible for policing any protest activity at the ICE Building in Portland
b. Who are the immediate superiors of the people above
c. Do defendants have any body worn camera or building footage from 6/1/25 to present. If so, what is the nature of this evidence
d. Have there been any briefings or trainings about how to manage/police protests at the Portland ICE Building
e. Have there been any investigations into uses of force at protest events at the ICE Building in Portland since 6/1/25

Page 4 –   STATUS REPORT

Simon Decl. Ex. A. Additionally, Plaintiffs asked to take the deposition of a specific officer depicted in an attached photograph taken on January 19, 2026 (MLK Day) this week. *Id*. Defendants have indicated that they will be in a position to discuss discovery matters on Tuesday, February 3. *Id.* Plaintiffs would like to at least have those questions answered and a deposition date for the agent this week.

DATED:  February 1, 2026.

                ACLU FOUNDATION OF OREGON

By:   *s/ Kelly Simon*
       Kelly Simon, OSB No. 154213
       Email: ksimon@aclu--or.org

*Of Counsel for Plaintiffs*

Page 5 –   STATUS REPORT