**Kelly Simon**, OSB No. 154213
ksimon@aclu-or.org
**Eri Andriola**, OSB No. 246500
eandriola@aclu-or.org
ACLU FOUNDATION OF OREGON
PO Box 40585
Portland, OR 97240

**J. Ashlee Albies**, OSB No. 051846
ashlee@albiesstark.com
ALBIES & STARK LLC
1500 SW First Ave., Ste. 1000
Portland OR 97201
Facsimile: 503.427.9292

**Jane L Moisan**, OSB No. 181864
jane@pdxplp.com
PEOPLE'S LAW PROJECT
1500 SW First Ave., Ste. 1000
Portland OR 97201
Facsimile: 503.558.2025

**Matthew Borden** (*Pro hac vice*)
borden@braunhagey.com
**Hadley Rood** (*Pro hac vice*)
hrood@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

**Marissa R. Benavides** (*Pro hac vice*)
Benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Ave., 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403
Facsimile: (646) 403-4089

**Kimberly S. Hutchison** (*Pro hac vice*)
khutchison@singletonschreiber.com
**Liam Barrett** (*Pro hac vice*)
lbarrett@singletonschreiber.com
**Taylor Marrinan** (*Pro hac vice*)
tmarrinan@singletonschreiber.com

Page 1 –    STATUS REPORT

SINGLETON SCHREIBER LLP
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 771-3473
Facsimile: (619) 255-1515

**Zach Pangares**
zpangares@singletonschreiber.com
SINGLETON SCHREIBER LLP
1050 SW 6th Avenue, Suite 1100
Portland, OR 97204
Telephone: (619) 486-1608
Facsimile: (619) 255-1515

*Of Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(PORTLAND DIVISION)

| | |
|---|---|
| Jack Dickinson, a.k.a. "the Portland Chicken," Laurie Eckman, Richard Eckman, Mason Lake, and Hugo Rios, *on behalf of themselves and those similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity; KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; U.S. Department of Homeland Security.<br><br>Defendants. | Civil No. 3:25-cv-02170-SI<br><br>**PLAINTIFFS' PRE-CONFERENCE STATUS REPORT** |

Page 2 –    STATUS REPORT

Plaintiffs respectfully submit this Status Report to update the Court on the following issues: (1) Extension of the Temporary Restraining Order; (2) Plaintiffs' outstanding requests for discovery; and (3) the Protective Order.

**Extending TRO**

Plaintiffs asked Defendants to stipulate to extending the TRO for 14 days or until March 6, but Defendants did not agree. Plaintiffs therefore submitted a Motion to Extend the TRO for an additional 14 days.

**Discovery Issues**

The following discovery issues remain open:

1. **Rule 30(b)(6) Deposition**

Plaintiffs have been requesting a Rule 30(b)(6) deposition since they filed their Motion for Expedited Discovery on January 29, 2026. Dkt 41. On February 13, Defendants refused to offer a 30(b)(6) witness at all. Plaintiffs should be given the opportunity to examine someone who is required to have knowledge on topics such as DHS plans, policies, trainings, supervisory structures, and relevant disciplinary investigations.

Defendants have offered to provide Deputy Regional Director Robert Cantu and Border Patrol Chief Agent Timothy Sullivan as deponents with knowledge about Operation Skip Jack in Portland. If these witnesses are truly knowledgeable about these topics, Defendants should have no problem designating them under Rule 30(b)(6). Defendants have not at all identified a similar person from Immigration & Customs Enforcement.

2. **Social Media Post Regarding Portland**

Other key discovery that Defendants are yet to produce is their internal communications showing who created and approved a video that DHS posted on its official social media account, https://x.com/DHSgov/status/1979986721111462153, and what those individuals said about the

Page 3 –    STATUS REPORT

video. The video states, "In Portland, Oregon, as Antifa terrorists surged against our federal facilities, our officers have survived their attacks and worked swiftly to round up an arrest these violent criminals." It goes on to state that "President Trump and Secretary Noem stand firmly with our law enforcement. We will crush this campaign of terror against them." However, some of the footage DHS used to justify these threats of violence against protesters at the Portland ICE facility was actually taken "outside an ICE facility in Broadview, Illinois," and DHS had erased the watermark from the journalist who captured the footage. The video also features a brief glimpse of Plaintiff Dickinson, stating "They've also supported these violent criminals." This was one of many false postings by DHS, and it was directed at justifying the President's claim that "claim that the Oregon city was overwhelmed by violent leftists who were 'burning [it] to the ground.'" https://www.washingtonpost.com/investigations/2025/10/29/trump-administration-misleading-videos/. Plaintiffs believe that DHS's internal communications about this video will be important evidence of retaliatory animus and that Defendants have no valid basis for continuing to withhold it.

### 3. Other Outstanding Document Productions

Defendants are engaged in a rolling production without providing formal RFP responses. Plaintiffs offered to treat all of Defendants' objections as preserved and receive formal responses later in exchange for Defendants' disclosing what materials, if any, they are withholding. Defendants have not done so. Nor have they given any indication of when their production will be complete.

Plaintiffs do not believe that Defendants have produced documents in response to several of their requests including communications involving high-level officials who have been driving the public narratives about protesters at the ICE Building in Portland.

Defendants also have not produced documents indicating how the chain of command or the organizational structure operates within DHS and for Operation Skip Jack.

Additionally, Plaintiffs included an RFP with the deposition notice to the FPS officer they deposed last week that requested texts, emails, and messages about the events the officer was involved in. The officer confirmed that the officer had a work cell phone that was used to communicate with other officers as part of Operation Skip Jack. However, at the deposition, that officer had not tried to review whether the officer was still in possession of such messages. Defendants should be required to produce this evidence.

4. **Video evidence**

Defendants have indicated to Plaintiffs that they will begin producing CBP officer body camera footage that exists in connection with produced use of force reports starting on Friday, February 20. This might be too late for Plaintiffs to upload, review and include with their reply brief, but Plaintiffs reserve the right to present such materials at the evidentiary hearing.

Defendants have represented that surveillance footage from the building would be too burdensome to produce on the expedited schedule. Plaintiffs have offered to resolve this request with an agreement from Defendants that they will not rely on any surveillance footage that they have not produced at the March 2-4 hearing.

5. **Other Depositions**

Plaintiffs have completed one deposition of an FPS officer and have provided Defendants with a list of names of additional officers they wish to depose. Plaintiffs have provided six two-hour time slots per day between February 19 and February 27, excluding February 24 on which they have provided three two-hour time slots.

\\

\\

\\

Page 5 –   STATUS REPORT

**Protective Order**

On February 9, 2026, Plaintiffs emailed Defendants a revised draft Protective Order. On February 13, Defendants responded that they hoped they would be following up on the Protective Order "shortly."

DATED: February 16, 2026.

By: */s/ Kimberly S. Hutchison*

*Of Counsel for Plaintiffs*