**Kelly Simon**, OSB No. 154213
ksimon@aclu-or.org
**Eri Andriola**, OSB No. 246500
eandriola@aclu-or.org
ACLU FOUNDATION OF OREGON
PO Box 40585
Portland, OR 97240

**J. Ashlee Albies**, OSB No. 051846
ashlee@albiesstark.com
ALBIES & STARK LLC
1500 SW First Ave., Ste. 1000
Portland OR 97201
Facsimile: 503.427.9292

**Jane L Moisan**, OSB No. 181864
jane@pdxplp.com
PEOPLE'S LAW PROJECT
1500 SW First Ave., Ste. 1000
Portland OR 97201
Facsimile: 503.558.2025

**Matthew Borden**
borden@braunhagey.com
**Hadley Rood**
hrood@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

**Marissa R. Benavides**
Benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Ave., 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403
Facsimile: (646) 403-4089

PAGE 1 – DECLARATION OF KELLY SIMON

**Kimberly S. Hutchison**
khutchison@singletonschreiber.com
**Liam Barrett**
lbarrett@singletonschreiber.com
**Taylor Marrinan**
tmarrinan@singletonschreiber.com
SINGLETON SCHREIBER LLP
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 771-3473
Facsimile: (619) 255-1515

**Zach Pangares**
zpangares@singletonschreiber.com
SINGLETON SCHREIBER LLP
1050 SW 6th Avenue, Suite 1100
Portland, OR 97204
Telephone: (619) 486-1608
Facsimile: (619) 255-1515

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(PORTLAND DIVISION)

| | |
|---|---|
| JACK DICKINSON (a.k.a. "the Portland Chicken"), LAURIE ECKMAN, RICHARD ECKMAN, MASON LAKE, HUGO RIOS, *on behalf of themselves and those similarly situated*<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>DONALD J. TRUMP, President of the United States, *in his official capacity*; KRISTI NOEM, Secretary, U.S. Department of Homeland Security (DHS), *in her official capacity*; U.S. Department of Homeland Security<br><br>　　　　　Defendants. | Civil No. 3:25-cv-02170-SI<br><br>**DECLARATION OF KELLY SIMON IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

I, Kelly Simon, declare as follows pursuant to 28 U.S.C. § 1746:

　　　1.　　I am the legal director for the ACLU of Oregon and represent Plaintiffs in this action. I make this declaration based on personal knowledge and am competent to testify to the same.

　　　2.　　I received my B.A. from the University of Notre Dame in 2008. I received my J.D. from Washington University School of Law in St. Louis, Missouri, in 2015. After law school, I became a legal fellow at the ACLU of Oregon. In 2016, I worked briefly for Youth, Rights and Justice drafting appellate briefs for delinquency appeals before ACLU of Oregon

PAGE 3 – DECLARATION OF KELLY SIMON

hired me as a full-time staff attorney. In 2019, I was appointed as the interim legal director for the ACLU of Oregon. The ACLU of Oregon hired me as its permanent legal director in 2021, and I still serve in that position.

3.   The ACLU of Oregon is an affiliate of the national ACLU organization. The ACLU is the nation's most preeminent advocacy organization defending First Amendment civil liberties, and the Oregon affiliate has a strong history of legal advocacy for the freedoms of speech, association, and petitioning the government. The ACLU and its affiliates, including the ACLU of Oregon, also advocate for a wide swath of other civil liberties and civil rights.

4.   The ACLU of Oregon is a non-profit advocacy organization that is funded almost entirely by individual, private donations. In Oregon, this funding reality results in a limited staff size overall and a limited staff size in the legal program. The legal program is responsible for the organization's pro bono litigation docket, as well as advising other programs and contributing to other non-litigation advocacy work. The largest legal program staff size in the history of the organization was four – 3 attorneys and a paralegal. During the trial court proceedings of this case, the staff size was one, myself. The current legal program staff size is three – two attorneys and a non-attorney associate.

5.   As the ACLU of Oregon legal director, my responsibilities include, but are not limited to: building and managing the organization's impact litigation docket made up of both direct representation and amicus matters, growing and managing the program's legal resources (e.g. volunteer attorneys, funding, etc.), building and maintaining values-centered client and partner organization relationships, providing legal analysis and advice to the organization and all other programs, building legal program infrastructures to support program operation and sustainability, hiring and supervising legal program staff and volunteers, staffing the organization's lawyers committee, managing the organization's intake response systems, setting the strategic direction of the organization in partnership with other directors, and building a more equitable work culture for all employees as a member of the director team.

PAGE 4 – DECLARATION OF KELLY SIMON

6.  As both a staff attorney and legal director for the ACLU of Oregon, I have actively participated in the organization's litigation from 2015 to present, including drafting appellate briefs, drafting and arguing dispositive motions, and drafting amicus briefs concerning constitutional issues and important civil rights protections. At the trial level, I have also drafted complaints, submitted a variety of motions, and conducted discovery, and I have engaged in investigations of potential civil liberties or civil rights violations. This has provided me with the expansive knowledge and skillset to know how to resource and manage strategic impact litigation throughout all phases of a case's life cycle.

7.  In my 10 years with the ACLU of Oregon, I have represented clients and/or the ACLU of Oregon in all levels of Oregon state courts and federal courts, including the District of Oregon, the Ninth Circuit Court of Appeals, and the United States Supreme Court. Matters have included, but are not limited to, several matters involving the freedom of expression and/or law enforcement accountability:

- *ACLU of Oregon et al. v. City of Portland*; Oregon S. Ct. No. S071887 (currently representing the ACLU of Oregon and an individual plaintiff in a statutory challenge to police collection and maintenance of information about the political and social activities of people at protests absent a criminal nexus).
- *Disability Rights Oregon v. Washington County et al.*, D. Or. Case No. 3:24-cv-00235 (currently representing Disability Rights Oregon to seek injunctive relief against entities responsible for violations of the ADA in emergency response for people experiencing mental health crises).
- *Rogue Valley Pepper Shakers et al.* v. *City of Medford et al.*, Jackson Couty Circuit Ct. No. 24CV39962 (currently representing community activists in a statutory challenge to police collection and maintenance of information about the political and social activities of people engaged in activism absent a criminal nexus).

PAGE 5 – DECLARATION OF KELLY SIMON

- *DeHart et al. v. Tofte et al.*, Oregon Ct. App. No. A177995 (successfully represented four community members in anti-SLAPP proceedings when their school board members sued them under Oregon's doxing statute).

- *FBI et al. v. Fikre*, U.S. Supreme Court Docket No. 22-1178 (represented the ACLU of Oregon on an *amici* brief regarding whether a constitutional challenge to being placed on the federal government's "No Fly List" was moot).

- *Shotts v. Newberg* (successfully represented school district staff plaintiff in a state constitutional challenge to Newberg school board members' attempt to limit expression supportive of LGBTQ+ students in school classrooms).

- *Index Newspapers et al v. City of Portland et al.*, D. Or. Case No. 3:20-cv-1035; Ninth Circuit Case No. 20-35739 (represented journalist and legal observer plaintiffs in challenge to federal and local police targeting them for force, arrest, and dispersal at protests).

- *Pettibone et al v. Biden et al.*, D. Or. Case No. 3:20-cv-01464; Ninth Circuit Case No. 22-35183 (represented plaintiffs in challenge to federal law enforcement officers' arrest and uses of force against them at protests).

- *Northwest Center for Alternatives to Pesticides et al v. Department of Homeland Security*; D. Or. Case No. 3:20-cv-01816, Ninth Circuit Case No. 21-35751 (represented several organizational plaintiffs in challenge to DHS use of tear gas at protests for failure to consider impacts on the human environment).

8.      I also have experience in class litigation. *See, e.g., Cavanaugh v. Grifols USA LLC et al.*, Multnomah County Circuit Ct. No. 24CV3449 (currently representing a class representative seeking relief on behalf of a class of persons who experienced LGBTQ discrimination in plasma donation).

9.      I have also submitted amicus briefs on behalf of the ACLU of Oregon to assist courts specifically with analyzing cases implicating the freedom of expression, including:

- *State of Oregon & City of Portland v. Donald Trump et. al.*, Ninth Circuit. Ct. App. No. 25-6268 (represented ACLU of Oregon on an amicus brief examining the First Amendment implications for deployment of federal troops in response to protest).

- *Linthicum et al v. Wagner et al.*, D. Or. Case No. 6:23-cv-01624. In it's Order Granting ACLU of Oregon's Motion to Appear as Amicus, the District of Oregon concluded that in light of the constitutional issues presented in the Plaintiff's Motion for Preliminary Injunction, "the ACLU of Oregon is likely to lend a unique perspective on the issues presented, which may assist the Court…"). The *Linthicum* plaintiff's motion for preliminary injunction claimed a First Amendment right for legislators to deny quorum for legislative floor sessions.

- *Mehrwein et al v. Multnomah County et al.*, Or. S. Ct. No. S066445 (represented the ACLU of Oregon on an *amicus* brief to the Oregon Supreme Court about the balancing of government obligations to protect elections and the freedom of expression in the context of campaign finance limits).

- *Klein dba Sweetcakes et al v. Oregon Bureau of Labor and Industries*, Oregon Ct. App. Case No. A159899 (representing the ACLU of Oregon on an *amicus* brief to the Oregon Court of Appeals discussing the state's ability to enforce a prohibition of discrimination in places of public accommodation despite a business owner's claim that doing so violated her freedom of expression).

10. I also regularly provide testimony and other legal commentary in a variety of other forums. These forums have included the United States Congress, the Oregon legislature, international human rights bodies, a broad swath of media outlets (including, but not limited to, major national live television, radio and print publications), CLE panels (including for a Yale Law School conference, Oregon State Bar sponsored events, a New York State Bar panel, Oregon Women Lawyers, and others), public rallies, know-your-rights events in communities,

PAGE 7 – DECLARATION OF KELLY SIMON

and public education publications of national ACLU and the ACLU of Oregon. Such topics have included, but are not limited to, First Amendment rights, police excessive force and accountability, protester rights, the rights of people who identify as LGBTQ+, immigrants' rights, the implication of government surveillance on core civil liberties, the separation of church and state, students' rights, the rights of people who are incarcerated, the rights of people accused of crimes, and the rights of people who are homeless.

11.    I also am regularly reached out to by attorneys in private practice and other non-profit organizations to consult about civil liberties and civil rights aspects of their cases, campaigns, and other efforts.

12.    The ACLU of Oregon is not being paid by any client or other entity for its time spent litigating this matter.

13.    Based on my experience litigating complex civil rights and class matters, I am familiar with the obligations of class counsel under Federal Rule of Civil Procedure 23(g), including the duty to fairly and adequately represent the interests of absent class members; to investigate and develop class claims; to devote sufficient resources to the representation; and to avoid conflicts of interest.

14.    The ACLU of Oregon has sufficient resources to prosecute this action and is prepared to do so through the class certification stage, trial, or resolution. I am not aware of any conflict that would impair the ACLU of Oregon's ability to represent the proposed class fairly and adequately.

Dated:  February 28, 2026

ACLU FOUNDATION OF
OREGON, INC.

*/s/ Kelly Simon*
Kelly Simon

*Of Attorneys for Plaintiffs*

PAGE 8 – DECLARATION OF KELLY SIMON