**Kelly Simon**, OSB No. 154213
ksimon@aclu-or.org
**Eri Andriola**, OSB No. 246500
eandriola@aclu-or.org
ACLU FOUNDATION OF OREGON
PO Box 40585
Portland, OR 97240

**J. Ashlee Albies**, OSB No. 051846
ashlee@albiesstark.com
ALBIES & STARK LLC
1500 SW First Ave., Ste. 1000
Portland OR 97201
Facsimile: 503.427.9292

**Jane L Moisan**, OSB No. 181864
jane@pdxplp.com
PEOPLE'S LAW PROJECT
1500 SW First Ave., Ste. 1000
Portland OR 97201
Facsimile: 503.558.2025

**Matthew Borden** (*Pro hac vice*)
borden@braunhagey.com
**Hadley Rood** (*Pro hac vice*)
hrood@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

**Marissa R. Benavides** (*Pro hac vice*)
benavides@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Ave., 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403
Facsimile: (646) 403-4089

PAGE 1 –  STIPULATED PROTECTIVE ORDER

**Kimberly S. Hutchison** (*Pro hac vice*)
khutchison@singletonschreiber.com
SINGLETON SCHREIBER LLP
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 771-3473
Facsimile: (619) 255-1515

**Zach Pangares**
zpangares@singletonschreiber.com
SINGLETON SCHREIBER LLP
1050 SW 6th Avenue, Suite 1100
Portland, OR 97204
Telephone: (619) 486-1608
Facsimile: (619) 255-1515

*Counsel for Plaintiffs*

**Brett A. Shumate**
Assistant Attorney General
Civil Division

**John Bailey**
Counsel to the Assistant Attorney General
CIVIL DIVISION

**Andrew I. Warden**
Assistant Director
FEDERAL PROGRAMS BRANCH

**Brad P. Rosenberg** (D.C. Bar No. 467513)
Special Counsel
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
1100 L Street, NW
Washington, D.C. 20005
Tel.: (202) 514-3374
brad.rosenberg@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JACK DICKINSON (a.k.a. "the Portland Chicken"), LAURIE ECKMAN, RICHARD ECKMAN, MASON LAKE, HUGO RIOS, *on behalf of themselves and those similarly situated*<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, President of the United States, *in his official capacity*; KRISTI NOEM, Secretary, U.S. Department of Homeland Security (DHS), *in her official capacity*; U.S. Department of Homeland Security<br><br>        Defendants. | Civil No. 3:25-cv-02170-SI<br><br>**STIPULATED PROTECTIVE ORDER** |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c) or the Privacy Act of 1974, 5 U.S.C. § 552a(b)(12).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, or deposition testimony. This is a suit concerning the policies and actions of federal law enforcement officials that will require the collection of law enforcement sensitive information and other information that requires a protective order for production, and potentially private information about named plaintiffs, class

PAGE 3 –  STIPULATED PROTECTIVE ORDER

members, and witnesses. The parties expect to exchange documents and information that may include:

a)    Government records that might contain tactical and other information related to law enforcement activities not made available by the Government to the general public that could be adversely used to circumvent law enforcement efforts.

b)    Sensitive information about the relevant agencies' internal investigations processes, procedures, staffing, priorities, resources, intelligence and/or methods, which is law enforcement sensitive and may not be released to the public.

c)    Department of Homeland Security, Immigration and Customs Enforcement, U.S. Customs and Border Protection, and Federal Protective Service records regarding law enforcement activities and operations, internal policies, processes and procedures, training materials, and internal investigations which contain information that is law enforcement sensitive, for instance, information which would be protected from disclosure under FOIA, 5 U.S.C. § 552, *et seq.*, under the exemption found at 5 U.S.C. § 552(b)(7)(E).

d)    Personally Identifiable Information relating or belonging to non-public facing federal officers, employees, and staff, including, but not limited to, names, addresses, e-mail addresses, and telephone numbers, which if released could endanger the privacy and safety of such officers, employees, and staff.

e)    Personally Identifiable Information, including but not limited to protected health information, of named plaintiffs, witnesses, or class members including, but not limited to, names, addresses, e-mail addresses, and telephones numbers, which if released could endanger the privacy and safety of such individuals.

The parties agree that entry of this Stipulated Protective Order ("Protective Order") is

PAGE 4 – STIPULATED PROTECTIVE ORDER

warranted to protect against disclosure of such documents and information, as well as to ensure receipt of all investigative material from certain third-party sources.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1.      All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2.  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories:

    a.    Government records that might contain tactical and other information related to law enforcement activities not made available by the Government to the general public that could be adversely used to circumvent law enforcement efforts;

    b.    Sensitive information about the relevant agencies' internal investigations processes, procedures, staffing, priorities, resources, intelligence and/or methods, which is law enforcement sensitive and should not be released to the public;

    c.    Department of Homeland Security, Immigration and Customs Enforcement, U.S. Customs and Border Protection, or Federal Protective Service records regarding law enforcement activities and operations, internal policies, processes and procedures, training materials, and internal investigations which contain information that is law enforcement sensitive, for instance, information which would be protected from disclosure under FOIA, 5 U.S.C. § 552, *et seq.*, under the exemption found at 5 U.S.C. § 552(b)(7)(E);

    d.    Personally Identifiable Information relating or belonging to non-public facing federal officers, employees, and staff, including, but not limited to, names, addresses, e-mail addresses, and telephone numbers, which if released could endanger the privacy and safety of such officers, agents, employees, and staff;

    e.    Information prohibited from disclosure by statute;

    f.    Information that constitutes:

        1. a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

PAGE 5 –  STIPULATED PROTECTIVE ORDER

2. contact information, and personal financial, medical or other private information relating to an individual, including dates of birth, passport numbers, driver's license numbers, foreign identification documents, that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2;

3. information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as amended, or any other federal law, including but not limited to information about an individual regarding his or her education, financial transactions, medical history, criminal, or employment history and that contains his or her name, or the identifying number symbol, or other particular identifier assigned to the individual, such as a finger or voice print or photograph;

4. information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as information pertaining to:

   (a) applications for Temporary Protected Status under 8 U.S.C. § 1254a; and

   (b) information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2);

5. any other information that is protected or restricted from disclosure by Court order, statutes, rules or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.216, 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21,1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure;

6. sensitive information about law enforcement or national security staffing, resources, intelligence and/or methods the release of which to the public may adversely impact identifiable law enforcement or national security interests;

7. confidential government personnel information, including the names, job titles, identifying numbers, duty locations, or other identifying information of federal employees or contractors involved in enforcement operations or custodial functions, where disclosure could pose privacy, safety, or operational concerns sensitive operational information about organizational plaintiffs; and

8. information not in the public domain.

PAGE 6 – STIPULATED PROTECTIVE ORDER

3.     "Attorneys' Eyes Only" shall mean Confidential Information that at the time of its production in in this case, or thereafter, is so designated by the Producing Party because of a good faith belief that the information is so highly sensitive that the disclosure to persons other than individuals identified in Paragraph 9 would create a substantial risk of harm that could not be avoided by any less restrictive means.

4.     Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose. Nothing in this order prohibits counsel for Plaintiffs from sharing information about the existence (but not the substance) of any documents labeled "Confidential" or "Attorneys' Eyes Only" (*e.g.*, date, title, Bates number). This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

5.     The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only" if practical to do so.

6.     If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

PAGE 7 –  STIPULATED PROTECTIVE ORDER

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

*Or*

ATTORNEYS' EYES ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 9 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

7.    "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 6 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

PAGE 8 –  STIPULATED PROTECTIVE ORDER

8.      Protection of Confidential Material:

(a) General Protections. Confidential information or Attorneys' Eyes Only information produced by the parties shall not be used by the non-producing party for any purpose whatsoever other than in this litigation, including any appeal thereof. Notwithstanding this paragraph, Defendants may seek *ex parte* approval from the Court for permission to use Confidential or Attorneys' Eyes Only information they may receive for law enforcement purposes if it indicates the commission of a serious crime.

(b) Class Action Protections. In this putative class action, Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the putative class unless and until a class including the putative member has been certified.

(c) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(11). Subject to these requirements, the following categories of persons are allowed to review Confidential Information:

(1) Counsel. Counsel of record for the parties (including agency counsel), and counsel who sign Attachment A, and their employees and administrative staff. Any counsel who sign Attachment A must only receive documents if it is related to this litigation and not other litigations.

(2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action for deposition or other transcription services.

(4) Employees or contractors of copy services, document processing, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

PAGE 9 – STIPULATED PROTECTIVE ORDER

(5) Consultants and Expert Witnesses, including partners, associates and employees of the firm which employs such consultant or expert, retained by a party or its attorneys for purposes of this litigation.

(6) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(7) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation).

(8) Personnel needed to effectuate any federal law.

(9) Actual or potential witnesses who agree to be bound by the terms of this Protective Order.

(10) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

Prior to being shown any documents produced by another party marked "Confidential," any person listed in paragraphs 8(c)(2), (5), (6), (9), or (10) shall agree to be bound by the terms of this Order by signing Attachment A.

9.      Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including information derived therefrom, shall be restricted solely to the persons listed in paragraphs 8(c)(1), (3), (4), (5), (6), (7), (8), or (10). Prior to being shown any documents produced by another party marked "Attorneys' Eyes Only," any person listed in paragraphs 8(c)(5), (6), or (10) shall agree to be bound by the terms of this Order by signing Attachment A.

10.      Depositions.

For all depositions, unless the parties agree on the record at the time the deposition testimony is taken, all deposition testimony shall be treated as Confidential Information or Attorneys' Eyes Only

Information until the expiration of the following: No later than the thirtieth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information or Attorneys' Eyes Only Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information or Attorneys' Eyes Only Information, unless otherwise ordered by the Court.

11.    Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or counsel for a party, or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may request exclusion from the room of any person, other than persons designated in paragraphs 8 or 9, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

12.    Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the

PAGE 11 –  STIPULATED PROTECTIVE ORDER

Court.

13. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

14. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only" or failure to so designate, will not constitute an admission that information or documents are or are not confidential. Neither party may introduce into evidence in any proceeding between the parties other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

15. Nothing herein shall be deemed or construed as a waiver of any protections afforded to the parties under Federal Rule of Evidence 502. As set forth in the parties' separate Stipulated Clawback Agreement and Federal Rule of Evidence 502(d) Order, any attorney-client privilege, attorney work product, or other privilege (such as governmental privileges) is not waived by disclosure connected with this litigation.

16. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any

PAGE 12 – STIPULATED PROTECTIVE ORDER

person authorized by this Protective Order to receive Confidential Information or Attorneys' Eyes Only Information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" or "Attorneys' Eyes Only" to respective counsel. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents or retain copies of documents necessary to comply with federal statutes, such as the Federal Records Act.

17.    Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a)    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as "Confidential" or "Attorneys' Eyes Only," the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential information or Attorneys' Eyes Only information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential information or Attorneys' Eyes Only information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession,

PAGE 13 –  STIPULATED PROTECTIVE ORDER

custody or control Confidential information or Attorneys' Eyes Only information by the other party to this case.

18.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

19.    Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, other modifications, subject to order by the Court.

20.    The restrictions on disclosure and use of Confidential Information and Attorneys' Eyes Only Information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

SO STIPULATED.

| | |
|---|---|
| /s/_____ | /s/_____ |
| John Bailey | Kelly Simon, OSB No. 154213 |
| Andrew I. Warden | ACLU of Oregon |
| Brad P. Rosenberg (DC Bar No. 467513) | *Attorneys for Plaintiffs* |
| *Attorneys for Defendants* | |

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: April 22, 2026        _____
                             HONORABLE MICHAEL H. SIMON
                             United States District Court Judge

PAGE 14 – STIPULATED PROTECTIVE ORDER

EXHIBIT A

I, _____, have been advised by counsel of record for

_____ in *Dickinson, et al. v. Trump, et. al*, Oregon District Court Case No. 3:25-cv-

02170-SI, of this protective order governing the delivery, publication, and disclosure of

confidential documents and information produced in this litigation. I have read a copy of the

protective order and agree to abide by its terms.


_____
Signed


_____
Printed Name


_____
Date

PAGE 15 –  STIPULATED PROTECTIVE ORDER